◼ In the Matter of the Claim of CHARLES WRIGHT, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits on the ground that he lost his employment through misconduct in connection therewith (Labor Law, § 593, subd. 3). It is undisputed that claimant on filling out an employment application specifically denied that he had a police record and that he had ever been arrested for a narcotics violation. In fact, in 1956 he had been convicted of a narcotics violation. The employer did not immediately check the veracity of the statement, but when claimant was refused a cabaret license card his prior conviction was revealed, whereupon the employer discharged

him. The record amply supports the board's factual determination that claimant deliberately concealed his past criminal record and that the employer discharged claimant because of his falsification of his employment application rather than because of his inability to obtain a cabaret card. Having made these factual determinations, the board could properly find that the deliberate falsification of his application for employment disqualified him for benefits on the ground of misconduct (e.g., *Matter of Babe [Catherwood]*, 28 A D 2d 632, mot. for lv. to app. den. 20 N Y 2d 645). Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.